United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40296
Conference Calendar

_____

SAMUEL DEWITT-MCCOTTER,

Petitioner-Appellant,

versus

UNITED STATES SENTENCING COMMISSION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-12-MAC-ESH
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:*

     Samuel DeWitt-McCotter, federal prisoner # 12687-056, was

convicted of conspiring to distribute cocaine and using a firearm

during the commission of a drug trafficking offense.  He appeals

the district court's dismissal of his 28 U.S.C. § 2241 petition

challenging this conviction.  DeWitt-McCotter argues that the

district court erred by holding that his 28 U.S.C. § 2241

petition was subject to dismissal because it did not warrant

application of the "savings clause" set forth in 28 U.S.C.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2255. He contends that his sentence is not authorized because it violates the Ex Post Facto Clause and, in light of <u>Bailey v. United States</u>, 516 U.S. 137 (1995), he was convicted of a nonexistent offense. The district court found that DeWitt-McCotter had raised a <u>Bailey</u> claim in a prior motion before the sentencing court.

Because DeWitt-McCotter's claims fail to meet the requisite standard, the "savings clause" is not applicable to his 28 U.S.C. § 2241 petition. <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). Accordingly, the district court's judgment is AFFIRMED.